YARDLEY & Co., LTD. *v.* UNITED STATES (No. 3826)[1]

United States Court of Customs and Patent Appeals, November 5, 1934

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellant.

*Joseph R. Jackson,* Assistant Attorney General (*Charles D. Lawrence,* Special Assistant to the Attorney General, and *Hugo P. Geisler,* special attorney, of counsel), for the United States.

[Oral argument October 4, 1934, by Mr. Place and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

In this case there is brought before us for review a judgment of the United States Customs Court, First Division, overruling the protest of appellant against the classification and assessment with duty by the collector at the port of New York of certain merchandise, consisting of 100 gross of empty glass jars and 100 gross of lids or covers to fit them. They were classified and assessed with duty under the provisions of paragraph 33 of the Tariff Act of 1930, by

[1] T. D. 47400.

virtue of the provisions of paragraph 1559 of the same act, at the rate of 40 cents per pound and 50 per centum ad valorem.

The official sample in evidence, Exhibit 1, consists of an ivory colored, opaque glass jar having an ornamental cover of a slightly darker shade tightly screwed thereon; as imported, the jars and covers were packed in separate cases. It is agreed that the cover is composed of synthetic phenolic resin. After importation, the jars are filled with so-called "Yardley English Complexion Cream," and each jar, with its cover and contents, is sold as a single unit of merchandise.

The appraiser returned the glass jars and the covers as entireties and dutiable according to the component material of chief value, synthetic phenolic resin, by similitude to galalith, which is specially provided for in said paragraph 33.

Appellant's protest reads as follows:

Protest is hereby made against the assessment of duty on liquidation of entry #711891, covering an importation by us per SS. *Samaria*, August 8, 1932.

Included in this shipment were a quantity of empty glass jars and packed in separate cases, were a corresponding number of lids. The value of the lids was greater than the value of the jars.

In the appraiser's advisory report, he considered the jars and lids as an entirety and due to the higher value of the lids, assessed both jars and lids under paragraph 33.

We claim that these jars should have been classified at 75% as glass jars provided for under paragraph 216. We further claim that the bottles and lids should not be classified as an entirety.

The following amendment to said protest was allowed by the trial court:

* * * and it is alternatively claimed that the glass jars are separately dutiable at 75% ad valorem under the provisions of paragraph 218 (e), Tariff Act of 1930.

Upon the trial below it was orally stipulated in open court as follows:

* * * that the jar consists of glass and is made on a machine other than an automatic machine. The cover consists of synthetic phenolic resin. The cover exceeds the jar in value. * * * The merchandise was imported in an equal number of the jars and the covers. Each jar and the cover both have the name of the importer "Yardley" in raised characters thereon. The merchandise is used exclusively by this importer as a container of complexion creams or toilet preparations; and the present jar is filled with a creme and with its carton is in the form in which it is put upon the market and delivered to the ultimate retailer. They are imported empty and filled here.

Appellant concedes that the covers are dutiable by similitude to galalith under the provisions of said paragraph 33, by virtue of paragraph 1559, but claims that the jars and covers were improperly classified and assessed as entireties, and that the jars are dutiable under the provisions of paragraph 218 (e) of said Tariff Act of 1930.

Paragraph 33 and the pertinent provisions of paragraph 218 of said act read as follows:

PAR. 33. Compounds of casein, known as galalith, or by any other name, in blocks, sheets, rods, tubes, or other forms, not made into finished or partly finished articles, 25 cents per pound; made into finished or partly finished articles or which any of the foregoing is the component material of chief value not specially provided for, 40 cents per pound and 50 per centum ad valorem.

PAR. 218. * * * (e) Bottles and jars, wholly or in chief value of glass, of the character used or designed to be used as containers of perfume, talcum powder, toilet water, or other toilet preparations; bottles, vials, and jars, wholly or in chief value of glass, fitted with or designed for use with ground-glass stoppers, when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise; all the foregoing produced by automatic machine, 25 per centum ad valorem; otherwise produced, 75 per centum ad valorem. For the purposes of this subparagraph no regard shall be had to the method of manufacture of the stoppers or covers.

   *      *      *      *      *      *      *

(i) For the purposes of this Act, bottles, vials, and jars with glass stoppers or covers shall with their stoppers or covers be deemed entireties.

The trial court held that the merchandise was properly classified and assessed by the collector, and entered judgment overruling the protest. From such judgment this appeal is taken.

That the jars and covers come within the general rule of entireties is clear under the stipulation above quoted. *United States* v. *Kronfeld, Saunders, Inc.*, 20 C. C. P. A. (Customs) 57, T. D. 45679; *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232.

Appellant's principal contention is that, even though the jars and covers do come within the general rule respecting entireties, they are excepted from such rule by virtue of paragraph 218 (i), above quoted, which provides that, for the purposes of the act, bottles, vials, and jars with glass stoppers or covers shall, with their stoppers or covers, be deemed entireties. It is appellant's contention that this subparagraph, by stating what shall constitute entireties, inferentially and by virtue of the maxim *expressio unius est exclusio alterius*, declares that all other combinations of material than those expressly recited shall not be deemed to be entireties.

The maxim *expressio unius est exlusio alterius* is a well-established rule of construction, applicable to certain cases, and has often been applied by this court. There are, however, limitations in the proper application of the rule.

In an English case, *Colquhoun* v. *Brooks*, 21 Q. B. D. 52, the opinion states:

The maxim "*Expressio unius exclusio alterius*" has been pressed upon us. I agree with what is said in the Court below by Wills, J., about this maxim. It is often a valuable servant, but a dangerous master to follow in the construction of statutes or documents. The *exclusio* is often the result of inadvertence or accident, and the maxim ought not to be applied when its application, having

regard to the subject-matter to which it is to be applied, leads to inconsistency or injustice.

Lewis' Sutherland Statutory Construction (2d ed.), section 491, applies the rule as follows:

§491 (325) Expressio unius est exclusio alterius.—This maxim, like all rules of construction, is applicable under certain conditions to determine the intention of the lawmaker when it is not otherwise manifest. Under these conditions it leads to safe and satisfactory conclusions; but otherwise the expression of one or more things is not a negation or exclusion of other things. *What is expressed is exclusive only when it is creative, or in derogation of some existing law, or of some provisions in the particular act. The maxim is applicable to a statutory provision which grants originally a power or right.* * * * (Italics ours.)

Although we do not wish to be understood as approving the rule, thus defined, as all-comprehensive and including within its terms all instances where the maxim might be applicable, nevertheless it is sufficiently comprehensive for the purposes of this case. Having it in mind, the question arises whether paragraph 218 (i) is in derogation of some existing law; or, in other words, does it change the general rule of law respecting entireties?

The Tariff Act of 1897 contained no provision in the glass paragraphs respecting entireties. The tariff acts of 1909, 1913, and 1922 contained, in the glass schedule, the provision that bottles with *cut glass* stoppers should, with their stoppers, be deemed entireties. Paragraph 218 (e) of the Tariff Act of 1930 broadened this provision to include jars and vials, as well as bottles, and all glass stoppers or covers, and did not limit the declaration respecting entireties to bottles with *cut glass* stoppers.

The case of *Park & Tilford* v. *United States*, 1 Ct. Cust. Appls. 34, T. D. 31006, involved the question of whether bottles of blown or molded glass, with cut glass stoppers, were dutiable as entireties under the provisions of paragraph 100 of the Tariff Act of 1897. This paragraph read as follows:

100. Glass bottles, decanters, or other vessels or articles of glass, cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner or otherwise ornamented, decorated, or ground (except such grinding as is necessary for fitting stoppers), and any articles of which such glass is the component material of chief value, and porcelain, opal and other blown glassware; all the foregoing, filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem.

This court held that the bottles there involved, with their cut glass stoppers, were dutiable as entireties, although said paragraph 100 contained no provision to that effect.

As above noted, the provision that bottles with cut glass stoppers should be dutiable as entireties first appeared in the Tariff Act of 1909. It is therefore clear that this provision in the act of 1909 was not in derogation of existing law, but merely declaratory of existing law.

It is true that the decision of this court in the *Park & Tilford* case, *supra*, was not rendered until October 1910, which was, of course, after the Tariff Act of 1909 had been enacted, but it construed the act of 1897 and applied the general doctrine of entireties thereto. Moreover, said decision affirmed a decision of the Board of General Appraisers rendered on July 29, 1908, holding that bottles with cut glass stoppers were dutiable as entireties under the Tariff Act of 1897.

It is clear from the foregoing that the provision in the acts of 1909, 1913, and 1922, with respect to glass bottles and stoppers being dutiable as entireties, did not in any way change existing law, but was merely declaratory of it. In other words, the bottles with cut glass stoppers would have been dutiable as entireties without any express legislative provision to that effect. Therefore the rule of *expressio unius est exclusio alterius* could have no application to the legislative expression in the said tariff acts of 1909, 1913, and 1922.

The fact that in the Tariff Act of 1930 the provision was enlarged to include vials and jars with glass stoppers or covers does not in our opinion change the situation. It cannot be doubted, we think, that if paragraph 218 (i) had been omitted from the Tariff Act of 1930, glass jars with glass covers therefor would be dutiable as entireties under the decisions of this court. This being so, we must hold that paragraph 218 (i) is merely declaratory in its nature, is not in derogation of existing law, and hence the rule of construction *expressio unius est exclusio alterius* has no application, and the general rule respecting entireties is here applicable.

Appellant's counsel in their brief point out alleged anomalies that would result in affirming the decision of the trial court. It is true that, under the doctrine of entireties, the component parts of an article composed in part of glass may in fact take a higher or lower rate of duty if assessed separately than if they are assessed as entireties, but that is always true when the doctrine of entireties is applied to any article of commerce.

Appellant's counsel further contend that, inasmuch as in paragraph 218 (e) Congress used the phrase "For the purposes of this subparagraph," and in 218 (j) used the phrase "For the purposes of this schedule," but in paragraph 218 (i) used the phrase "For the purposes of this Act," it should be held that said paragraph 218 (i) was intended to be operative without, as well as within, paragraph 218. Inasmuch as we hold that paragraph 218 (i) is merely declaratory of the general law of entiretires, and not in derogation of it, we do not find it necessary to consider the intent of Congress in the use of the phrase "For the purposes of this Act" in said paragraph 218 (i).

We find no error in the decision of the trial court, and its judgment is *affirmed*.